**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JENNIFER GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DIVERSIFIED COLLECTION | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JENNIFER GRAHAM, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, DIVERSIFIED COLLECTION SERVICES, INC., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    JENNIFER GRAHAM, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Round Lake, County of Lake, State of Illinois.

5.    The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Department of Veterans Affairs (hereinafter, "the Debt").

1

6.      The Debt was for a student loan allegedly obtained by Plaintiff, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      DIVERSIFIED COLLECTION SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois.  Defendant is incorporated in the State of California.

9.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

## IV. <u>ALLEGATIONS</u>

14. On or about February 15, 2012, Defendant sent Plaintiff two (2) letters, each dated February 15, 2012, both in an attempt to collect the Debt. (See a true and exact copy of said letters, dated February 15, 2012, attached hereto as **Exhibit A** and **Exhibit B**).

15. Plaintiff received both of the letters sent by Defendant, dated February 15, 2012.

16. In each of Defendant's letters to Plaintiff, dated February 15, 2012, Defendant referenced the Debt.

17. In each of Defendant's letters to Plaintiff, dated February 15, 2012, Defendant stated Plaintiff owed a balance of $4,309.65 relative to the Debt.

18. In one (1) correspondence Defendant sent to Plaintiff, dated February 15, 2012, Defendant stated "[d]ue to your failure to repay this obligation, the entire unpaid balance of your debt is now due and payable." (**Exhibit A**).

19. In the other correspondence Defendant sent to Plaintiff, dated February 15, 2012, Defendant stated "[a]fter reviewing the history of your debt owed to the agency reference above, it has become apparent that your financial situation may only allow you to repay your debt through monthly installments." (**Exhibit B**).

20. Defendant continued, in that same correspondence, dated February 15, 2012, to inform Plaintiff that she could provide Defendant with her financial information for Defendant to review. (**Exhibit B**).

21. Defendant then stated that if Plaintiff's case warranted special consideration then Defendant "may be able to arrange mutually acceptable terms for [Plaintiff] to repay the balance of the debt." (**Exhibit B**).

3

22.     Defendant's letters to Plaintiff, dated February 15, 2012, contained conflicting information relative to the manner in which Plaintiff could pay the Debt to Defendant given that one (1) correspondence stated that the full balance of the Debt was due and the other correspondence stated Plaintiff may be able to enter into a payment arrangement with Defendant.

23.     Defendant's representation to Plaintiff in its correspondence, February 15, 2012, that the full balance of the Debt was due was false, deceptive and/or misleading given that on that same date Defendant represented to Plaintiff that she could enter into a payment arrangement with Defendant relative to the Debt.

24.     Alternatively, Defendant's representation to Plaintiff in its correspondence, February 15, 2012, that Plaintiff could enter into a payment arrangement relative to the Debt was false, deceptive and/or misleading given that on that same date Defendant represented to Plaintiff that the full balance of the Debt was due to Defendant.

25.     On or about February 22, 2012, Defendant sent Plaintiff a correspondence in a further attempt to collect the Debt. (See a true and exact copy of said correspondence, dated February 22, 2012, attached hereto as **Exhibit C**).

26.     Plaintiff received the letter sent by Defendant, dated February 22, 2012.

27.     In Defendant's correspondence to Plaintiff, dated February 22, 2012, Defendant referenced the Debt.

28.     In Defendant's correspondence to Plaintiff, dated February 22, 2012, Defendant stated Plaintiff owed a balance of $4,309.65 relative to the Debt.

29.     On or about March 1, 2012, Plaintiff sent a correspondence to Defendant via e-mail.

4

30. Upon information and belief on or about March 1, 2012, Defendant received Plaintiff's e-mail correspondence.

31. In Plaintiff's e-mail correspondence, dated March 1, 2012, Plaintiff provided Defendant with documentation to demonstrate she disputed the Debt.

32. In or around March 2012, prior to April 5, 2012, Defendant sent Plaintiff documentation via regular mail.

33. During the course of the aforesaid time period, Plaintiff received the documentation sent by Defendant.

34. Plaintiff ascertained the documentation she received during the aforesaid time period was sent by Defendant as the return envelope in which the documentation was sent by Defendant to Plaintiff listed Defendant's address.

35. The documentation Defendant sent to Plaintiff putatively verified that Plaintiff owed the Debt.

36. The documentation Defendant sent to Plaintiff did not state the amount of the Debt on which Defendant was attempting to collect.

37. At no time between February 22, 2012 and April 5, 2012, did Plaintiff make a payment to Defendant relative to the Debt.

38. Upon information and belief, at no time between February 22, 2012 and April 5, 2012, did any third-party make a payment to Defendant, on Plaintiff's behalf, relative to the Debt.

39. On or about April 5, 2012, Defendant sent Plaintiff two (2) letters, each dated April 5, 2012, both in an attempt to collect the Debt. (See a true and exact copy of said letters, dated April 5, 2012, attached hereto as **Exhibit D** and **Exhibit E**).

40.     Plaintiff received both of the letters sent by Defendant, dated April 5, 2012.

41.     In each of Defendant's letters to Plaintiff, dated April 5, 2012, Defendant referenced the Debt.

42.     In each of Defendant's letters to Plaintiff, dated April 5, 2012, Defendant stated Plaintiff owed a balance of $352.01 relative to the Debt.

43.     In one (1) of Defendant's letters to Plaintiff, dated April 5, 2012, Defendant stated to Plaintiff "[y]ou may have noticed that your financial obligation has increased substantially, due to the penalties of default, as reflected in the total balance above." (**Exhibit D**).

44.     The amount of the Debt Defendant was attempting to collect from Plaintiff as stated by Defendant in its correspondence to Plaintiff, dated April 5, 2012, was lower than the amount of the Debt stated by Defendant in its correspondence to Plaintiff, dated February 22, 2012.

45.     The amount of the Debt Defendant was attempting to collect from Plaintiff as stated by Defendant in its correspondence to Plaintiff, dated April 5, 2012, was lower than the amount of the Debt stated by Defendant in its letters to Plaintiff, dated February 15, 2012.

46.     Defendant's representation to Plaintiff, dated April 5, 2012, that the Debt had increased substantially was false, deceptive and/or misleading given that on April 5, 2012, the amount of the Debt Defendant was attempting to collect from Plaintiff was only $352.01 when previously Defendant had attempted to collect more than $352.01 from Plaintiff.

47.     Defendant's representation to Plaintiff, on April 5, 2012, that the Debt had increased substantially misrepresented the character, nature and/or legal status of the Debt given that on April 5, 2012, the amount of the Debt Defendant was attempting to collect from Plaintiff

6

was only $352.01 when previously Defendant attempted to collect more than $352.01 from Plaintiff.

48.     On or about April 9, 2012, Defendant sent Plaintiff a correspondence in a further attempt to collect the Debt. (See a true and exact copy of said correspondence dated April 9, 2012, attached hereto as **Exhibit F**).

49.     Plaintiff received Defendant's correspondence dated April 9, 2012.

50.     In Defendant's letter to Plaintiff, dated April 9, 2012, Defendant referenced the Debt.

51.     In Defendant's letter to Plaintiff, dated April 9, 2012, Defendant stated Plaintiff owed a balance of $352.01 relative to the Debt.

52.     Defendant's representations to Plaintiff in its letters dated February 15, 2012 and February 22, 2012, that Plaintiff owed $4,309.65 relative to the Debt were false, deceptive and/or misleading given that on April 5, 2012 and April 9, 2012, Defendant represented to Plaintiff that she only owed $352.01 relative to the Debt.

53.     Alternatively, Defendant's representations to Plaintiff in its letters, dated April 5, 2012 and April 9, 2012, that Plaintiff owed $352.01 relative to the Debt were false, deceptive and/or misleading given that on February 15, 2012 and February 22, 2012, Defendant represented that Plaintiff owed $4,309.65 relative to the Debt.

54.     Defendant's representations to Plaintiff in its letters dated February 15, 2012 and February 22, 2012, that Plaintiff owed $4,309.65 relative to the Debt misrepresented the character, nature and/or legal status of the Debt given that on April 5, 2012 and April 9, 2012, Defendant represented to Plaintiff that she only owed $352.01 relative to the Debt.

55.     Alternatively, Defendant's representations to Plaintiff in its letters, dated April 5, 2012 and April 9, 2012, that Plaintiff owed $352.01 relative to the Debt misrepresented the character, nature and/or legal status of the Debt given that on February 15, 2012 and February 22, 2012, Defendant represented that Plaintiff owed $4,309.65 relative to the Debt.

56.     An unsophisticated consumer receiving the letters sent by Defendant to Plaintiff, as delineated above, would be unable to ascertain the amount of the Debt owed to Defendant given that the letters provided different amounts owed relative to the Debt.

57.     Subsequent to receiving the letters sent by Defendant to her, as delineated above, Plaintiff, was unable to ascertain the amount of the Debt owed to Defendant given that the letters Defendant provided to Plaintiff stated different amounts owed relative to the Debt.

58.     Subsequent to Plaintiff having sent a dispute to Defendant and Defendant having provided Plaintiff with information to putatively validate the Debt, Plaintiff was still unable to ascertain the amount of the Debt she allegedly owed.

59.     To date, Plaintiff has not obtained any documentation from Defendant to clarify the amount of the Debt on which it was attempting to collect.

60.     In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

    d.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

8

61.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

**V.     JURY DEMAND**

62.     Plaintiff hereby demands a trial by jury on all issues so triable.

**VI.     PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JENNIFER GRAHAM, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a.     All actual compensatory damages suffered;

      b.     Statutory damages of $1,000.00;

      c.     Plaintiff's attorneys' fees and costs;

      d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JENNIFER GRAHAM**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: October 23, 2012

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:     dmarco@smithmarco.com